UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| DARREN NEWHART, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>)<br>) |
| v. | )<br>) |
| QUICKEN LOANS, INC., and SETERUS, INC. | )<br>)<br>) |
| Defendants. | ) JURY DEMANDED<br>) |

**CLASS ACTION COMPLAINT**

**I.    INTRODUCTION AND STATEMENT OF THE CASE**

1.     According to the Federal Trade Commission's recent Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telemarketing calls to explode in the last four years. For example, Voice over IP ("VoIP") technology allows callers to make higher volumes of calls inexpensively from anywhere in the world through digital calls made over the internet.

2.     The sheer volume of illegal telemarketing overwhelms the enforcement efforts of government agencies such as the Federal Trade Commission ("FTC") and the Federal Communications Commission. Consequently, private consumer enforcement actions, which Congress authorized when it enacted the Telephone Consumer Protection Act of 1991 ("TCPA"), play a critical role in combatting illegal telemarketing.

3.     Plaintiff brings this action to enforce the TCPA in the face of rampant illegal telemarketing.  Through the TCPA, Congress outlawed telemarketing via unsolicited automated

1

or prerecorded telephone calls in several contexts, including "to any telephone number assigned to . . . cellular telephones." 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2).

4. After October 16, 2013, these calls were made illegal unless made with prior, express consent, evidenced by a signed writing. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012). Many companies, such as Quicken Loans in this case, disregard the TCPA and overtly impinge on the privacy and freedom from unwanted and incessant telemarketing.

5. In many cases, more than just the telemarketing agent is to blame; telemarketing abuses are often made by companies on behalf of others. Companies may have others do their bidding while turning a blind eye to telemarketing abuses relating to their products. After all, these companies profit from the illegal activity, regardless of whether they physically make the illegal telephone call.

6. Under the TCPA, these efforts to shirk responsibility fail. The TCPA imposes liability not only on the entities that physically dial illegal telemarketing calls, but also on those entities who benefit from them.

7. Vicarious liability is an essential feature of the remedial provisions and purposes of the TCPA. According to the FCC, a seller of a product or service may be vicariously liable for third-party violations of Section 227(b), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *See In re Joint Pet. filed by Dish Network, LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling"). Instead, a seller is liable for illegal calls of third-party marketers merely by authorizing them to market a seller's goods or services. *Id.* ¶ 47. This is so, in part, because the third-party placing illegal calls are often judgment proof and difficult to identify, and sellers are best positioned to monitor

and control their activities. Thus, under these circumstances, and in service of protecting consumers from the nuisance and privacy-invasion of unwanted telemarketing, liability is also imputed to the telemarketers marketing the products of others.

8. Plaintiff brings this action to enforce the TCPA's strict limits on telemarketing calls placed through automated telephone dialing systems. On behalf of the proposed class defined below, Plaintiff seeks statutorily-authorized damages of $500-$1500 per illegal call, as well as injunctive relief requiring Defendants to comply with the law.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). This matter in controversy exceeds $5 million, as each member of the proposed classes of tens of thousands is entitled to up to $1500 in statutory damages for each unlawful call.

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action involves a violation of a federal statute, the TCPA.

11. This Court has personal jurisdiction because Defendants do business throughout the United States, including Florida. Further, their voluntary contact with the plaintiff in calling his cell phone in Florida made it foreseeable that Defendants would be hailed into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

12. Venue is proper in this District under 28 U.S.C. §§ 1931(b)-(c) and 1441(a) because the Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

## III. PARTIES AND DEFINITIONS

12. Plaintiff Darren Newhart is a resident of the state of Florida.

13.     Defendant Quicken Loans, Inc. is a Michigan corporation, with a principal place of business in Livonia, Michigan.  Quicken Loans is one of the largest mortgage lenders in the United States and is licensed and conducts business in all fifty states.  It closed more than $80 billion in loans in 2013.

14.     Defendant Seterus, Inc. is a Delaware Corporation, with a principal place of business in Research Triangle Park, North Carolina.  Seterus is one of the nation's leading specialty loan servicing companies.  Seterus provides Quicken Loans with phone numbers listed in its database of the loans it services to make illegal telemarketing calls that benefit both Defendants.

## IV.  APPLICABLE LAW

**A.    TCPA § 227(b) regulates autodialer and artificial or prerecorded voice calls to cellular phones.**

14.     47 U.S.C. § 227(b) regulates so-called "robocalls"—calls placed using an automated telephone dialing system ("ATDS"), and calls using an artificial or prerecorded voice.

15.     Regarding telephone numbers assigned to a cellular telephone service, the statute prohibits ATDS calls—other than emergency calls or calls placed with prior express consent of the called party. *Id.* § 227(b)(1)(A).

16.     Prior express consent is consent that is clearly and unmistakably conveyed by the call recipient to the party placing the call; implied consent is not sufficient.

17.     Persons who receive calls in violation of these provisions may bring an action to recover the greater of the monetary loss caused by the violation, or $500. *Id.* § 227(b)(3). If the Court finds the defendant willfully or knowingly violated § 227(b), the Court may increase the award to up to $1500 per violation. *Id.*

**B.     The TCPA imposes liability on entities who do not directly place illegal calls.**

18.     It has long been the law that a seller of goods or services can also be liable for TCPA violations, even if the seller does not directly place or initiate the calls.

19.     As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

20.     The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

21.     The FCC reaffirmed this principle in 2013, stating that a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties in violation of § 227(b).  *In re Joint Pet. Filed by Dish Network,* 28 FCCR 6574 (2013).

### V.  FACTUAL BASIS FOR THE COMPLAINT

**A.     Allegations regarding calls placed to Plaintiff.**

22.     Plaintiff Darren Newhart received illegal telemarketing calls on his cellular telephone, from or on behalf of the Defendants indicated, who are liable either under theories of

direct liability, *i.e.*, Quicken Loans, or vicarious liability, *i.e.*, Seterus, who authorized and enable Quicken Loans' employees to place the illegal telemarketing calls.

23. In August of 2015, Darren Newhart received numerous illegal telephone calls to his cellular phone from Quicken Loans, with a caller identification number of (313) 373-2967.

24. Plaintiff Darren Newhart requested that Quicken Loans stop making calls to his cellular phone, but telemarketing calls persisted.

25. The calls were made via automatic telephone dialing system, as indicated by a pause and an audible reconnect to a person leaving a voicemail. Other evidence of Quicken Loans' illegal automatic telephone dialing system includes calls being made by multiple persons.

26. In less than one week, Mr. Newhart received five telemarketing calls from Quicken Loans, employing automatic dialing.

27. The telemarketers from Quicken Loans were attempting to reach Mr. Newhart's mother, under the auspice that her loan was being serviced by Seterus and was being offered a special "deal" - a loan modification through Quicken Loans.

28. Quicken Loans made the illegal calls without Plaintiff's consent and without any prior business relationship.

29. Plaintiff has never had any relationship with either Quicken Loans or Seterus.

30. When Plaintiff asked Quicken Loans to remove his number from the calling database, the Quicken Loans representative stated that his number could not be removed.

31. These calls were made by Quicken Loans based on information provided to Quicken Loans by Seterus for the benefit of both Defendants. As is typical with illegal telemarketing, Seterus likely sold or agreed to share the revenue generated by Quicken Loans through making illegal telemarketing calls.

**B.     Quicken Loans placed telemarketing calls in violation of the TCPA.**

32.     Quicken Loans is liable for placing calls as alleged above.

33.     Quicken Loans is liable under 47 U.S.C. § 227(b)(1) because it or its agents used an automatic telephone dialing system to place nonexempt calls to cellular telephones without the recipient's prior express consent.

**C.     Seterus is liable for the TCPA violations of Quicken Loans**

34.     Quicken Loans made illegal telemarketing calls on behalf and/or for the mutual benefit of Seterus.  In the phone calls, Quicken Loans disclosed its relationship with Seterus and the fact that it was soliciting business on behalf of itself and Seterus.

35.     Quicken Loans would not be able to make the illegal telemarketing calls to Plaintiff and Class members but for Seterus providing Quicken Loans with a databases of telephone numbers.  In doing so, Seterus was complicit in Quicken Loans' violations of the TCPA.

36.     Despite its authority, Seterus failed to control and prevent its business partner, Quicken Loans, from engaging in and benefiting from illegal telemarketing.

## VI.     CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of cellular phone call recipients ("Cellular Class"), subject to modification after discovery and case development:

> All persons within the state of Florida who received automatic telephone dialing calls promoting Defendant's goods or services to their cellular phones without express consent, on or after four years prior to the date of the filing of this Complaint, from a Defendant and/or a third party acting on Defendant's behalf.

38. Additionally, Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of persons on Defendant's internal do-not-call list ("Internal Do-Not-Call Class"), subject to modification after discovery and case development:

> All persons within the state of Florida who received one or more telemarketing calls promoting Defendant's goods or services more than 30 days after requesting not to receive further calls to their cellular or residential phones without express consent, on or after four years prior to the date of the filing of this Complaint, from a Defendant and/or a third party acting on Defendant's behalf.

39. Class members are identifiable through phone records and phone number databases.

40. Excluded from the classes are Defendants; any entities in which they have a controlling interest; their agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

41. Plaintiff proposes that he serve as class representative.

42. Plaintiff and the classes have all been harmed by the actions of the Defendants.

43. Numerosity is satisfied. There are likely tens of thousands of class members. Individual joinder of these persons is impracticable.

44. There are questions of law and fact common to Plaintiff and to the proposed classes, including, but not limited to:

   a. Whether the Defendants violated the TCPA by advertising via unsolicited automatic telephone dialing calls;

   b. Whether the Defendants violated the TCPA by not maintaining and executing a proper internal do-not-call list;

   c. Whether the Defendants conduct was knowing and/or willful;

    d.    Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Defendants' actions; and

    e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

45.    Plaintiff's claims are typical of the claims of class members.

46.    Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class members, he will fairly and adequately protect the interests of the class members, and he is represented by counsel skilled and experienced in class actions.

47.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

48.    The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## VII.   LEGAL CLAIMS
### First Claim - Violation of 47 U.S.C. § 227(b)(1) for calls made using an ATDS
### (On behalf of the Cellular Class)

49.    Defendants violated 47 U.S.C. § 227(b)(1) by making numerous calls, either directly or through the actions of others, using an automatic telephone dialing system to a cellular phone without the prior express consent of the called party.

### Second Claim - Violations of 47 C.F.R. § 64.1200(d) and 47 U.S.C. § 227(c)(5) for calls made to persons on Defendants' internal do-no-call lists
### (On behalf of the Internal Do-Not Call Class)

50.    Defendants violated 47 C.F.R. § 64.1200(d) and 47 U.S.C. § 227(c)(5) by initiating any call, either directly or through the actions of others, for telemarketing purposes to numerous persons, including Plaintiff, without following the required procedure for maintaining

9

an internal list of those persons who do not wish to receive telemarketing calls, recording calls with persons who do not wish to receive telemarketing calls and honoring do-not-call requests from persons who do not wish to receive telemarketing calls.

### VIII.   RELIEF SOUGHT

Plaintiff requests the following relief:

1. That the Court certify the classes proposed above under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

2. For each violation of the TCPA, a $500 penalty awarded to Plaintiff and each class member;

3. For each willful or knowing violation of the TCPA, a $1500 penalty awarded to Plaintiffs and each class member;

4. That Defendants, and their agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records which could be used to identify the members of the classes;

5. That Plaintiff and all class members be granted such other and further relief as is just and equitable under the circumstances: and

6. Plaintiff requests a trial by jury.


Dated:  September 2, 2015                         BAILEY & GLASSER, LLP

                                                  By:   /s/ James L. Kauffman

       Jonathan R. Marshall
       James L. Kauffman (Fla. Bar. No. 12915)
       1054 31st Street, Suite 230
       Washington, DC 20007
       Telephone:  (202) 463-2101
       Facsimile:  (202) 342-2103
       Email: jmarshall@baileyglasser.com
       Email: jkauffman@baileyglasser.com

*Counsel for Plaintiff and the Putative Class*